UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VARDANEGA,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY WALTER and DAN FEASTER,<br><br>    Defendants. | Case No.: 1:12-cv-04112-NJV<br><br>**ORDER REASSIGNING CASE TO DISTRICT COURT JUDGE WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED TO STATE COURT** |

**ORDER REASSIGNING CASE TO DISTRICT COURT JUDGE**

Defendants Nancy Walter and Dan Feaster removed this unlawful detainer action from the Superior Court of California, County of Mendocino, on August 3, 2012. Doc. No. 1. Defendants contend the action is removable because the complaint presents a federal question. *Id*. at 2-3. The undersigned twice notified the parties that they were required to file forms indicating their consent or declination to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Doc. Nos. 3-4. The second notice required the parties to file their consent or declination on or before September 18, 2012. Doc. No. 4. As of the date of this filing, neither party has filed a consent or declination form.

Accordingly, the undersigned orders that this case be reassigned to a district court judge, with the following Report and Recommendation that the case be remanded to state court for lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

**REPORT**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the appropriate district court. "Original jurisdiction" can be based either on the existence of a

federal question (28 U.S.C. § 1331) or on diversity of citizenship when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs (28 U.S.C. § 1332). The party seeking removal bears the burden of establishing jurisdiction, and federal courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (there is a "strong presumption" against removal jurisdiction).

In order to establish removal jurisdiction under 28 U.S.C. § 1331, a federal question must exist on the face of the complaint. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("'[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The complaint here includes only a claim for unlawful detainer under California law. Doc. No. 1 at 6-7 (Complaint in Unlawful Detainer). Unlawful detainer claims do not present federal questions. *Wells Fargo Bank v. Vann*, 2012 U.S. Dist. LEXIS 113034, *3 (N.D. Cal. Aug. 10, 2012); *see also Dreamsky Investment, LLC v. Hoang*, 2012 U.S. Dist. LEXIS 113059, *5 (N.D. Cal. Aug. 10, 2012) ("It is well established that unlawful detainer claims themselves do not arise under federal law and, therefore, cannot support federal-question jurisdiction"). No federal question exists on the face of this complaint.

Defendants nonetheless contend that federal jurisdiction exists under the "artful pleading" doctrine. *See* Doc. No. 1 at 2-3. "Under the 'artful pleading' doctrine, which [the Ninth Circuit] has termed 'a narrow exception to the straightforward rules of removal jurisdiction,' a court may recharacterize a plaintiff's claims as federal if 'the particular conduct complained of [is] governed exclusively by federal law.' Nevertheless, [the Ninth Circuit] invokes the doctrine 'only in exceptional circumstances.'" *Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 479 (9th Cir. 1990) (internal citations omitted); *see also Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (plaintiffs "may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that

can be made only under federal law"). Courts apply the artful pleading doctrine where (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial federal question. *See ARCO Envt'l Remediation, LLC v. Dep't of Health & Envt'l Servs.*, 213 F.3d 1180, 1114 (9th Cir. 2000). Defendants argue that all three prongs of the artful pleading doctrine apply here because the unlawful detainer claim is based on the federal Protecting Tenants from Foreclosure Act ("PTFA"). *See* Doc. No. 1 at ¶ 6 (PTFA preempts state law); ¶ 9 ("the Complaint attempts to state of a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer"); ¶ 10 (PTFA is a substantial question of federal law).

Courts in this district already have concluded that the artful pleading doctrine is inapplicable to unlawful detainer claims and the PTFA. For example, in *Wells Fargo Bank v. Lapeen*, the court concluded that the PTFA does not completely preempt state law, that an unlawful detainer claim is not necessarily federal in character, and that while the PTFA might require the court to resolve a federal question, because the requirements of the PTFA were "straightforward" any federal issue implicated in the complaint was insufficient to confer federal jurisdiction over a substantial federal law question. 2011 U.S. Dist. LEXIS 60671, *3 (N.D. Cal. June 6, 2011). Indeed, courts in this district have concluded repeatedly that the PTFA is intended only to protect tenants in state court, and that it does not create a basis for federal subject matter jurisdiction under any theory. *See, e.g., Deutsche Bank Nat'l Trust Co. v. Farmer*, 2012 U.S. Dist. LEXIS 113049, *3 (N.D. Cal. Aug. 9, 2012) (citing cases); *see also U.S. Bank Nat'l Ass'n v. Gilliam*, 2012 U.S. Dist. LEXIS 55355, *1 (N.D. Cal. Mar. 28, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction"); *Lopez v. DAPC, LLC*, 2012 U.S. Dist. LEXIS 83521 (N.D. Cal. June 15, 2012) (analyzing legislative history of PTFA and concluding that the PTFA does not create a private right of action or remedy in federal courts). Plaintiff filed an unlawful detainer complaint, which does not present any substantial federal question and which belongs exclusively in state court. There is no federal subject matter jurisdiction over this action. The removal by Defendants was improper.

In addition, because the complaint seeks less than $10,000 and all parties reside in California (Doc. No. 1 at 1 & 7), there can be no diversity jurisdiction in this action.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the district court remand the action to the Superior Court of California, County of Mendocino.  *See* 28 U.S.C. § 1447(c).

Any party may file objections to this report and recommendation with the district court within fourteen (14) days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. Proc. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's order.

Dated:  September 24, 2012

Nandor J. Vadas
United States Magistrate Judge